1  **McGuireWoods LLP**
2  Matthew C. Kane, Esq.  (SBN 171829)
       Email: mkane@mcguirewoods.com
3  Michael D. Mandel, Esq. (SBN 216934)
       Email: mmandel@mcguirewoods.com
4  Regina A. Musolino (SBN 198872)
       Email: rmusolino@mcguirewoods.com
5  Truc T. Nguyen, Esq. (SBN 257262)
       E-Mail:  tnguyen@mcguirewoods.com
6  1800 Century Park East, 8ᵗʰ Floor
   Los Angeles, California 90067
7  Telephone:   (310) 315-8200
   Facsimile:    (310) 315-8210

8  Attorneys for Defendants
   MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER &
9  SMITH, INC., and BANK OF AMERICA CORPORATION

10
   [Additional counsel listed on next page]
11

12            **UNITED STATES DISTRICT COURT**

13            **CENTRAL DISTRICT OF CALIFORNIA**

14

15  CHRISTOPHER M. LITTY, On Behalf of      CASE NO. cv-14-0425-PA (PJWx)
16  Himself and All Others Similarly Situated,
                                             **STIPULATED PROTECTIVE**
17            Plaintiff,                     **ORDER**

18       vs.

19  MERRILL LYNCH & CO., INC.;
   MERRILL LYNCH, PIERCE, FENNER &
20  SMITH, INC.; and BANK OF AMERICA
   CORPORATION,
21
             Defendants.
22

23

24

25

26

27

28

57841456.1

[Additional counsel continued from prior page]

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Francis M. Gregorek, Esq. (SBN 144785)
    Email: gregorek@whafh.com
Betsy C. Manifold, Esq. (SBN 182450)
    Email: manifold@whafh.com
Rachele R. Rickert, Esq. (SBN 190634)
    Email: rickert@whafh.com
Marisa C. Livesay, Esq. (SBN 223247)
    Email: livesay@whafh.com
750 B Street, Suite 2770
San Diego, California 92101
Telephone:  (619) 239-4599
Facsimile:    (619) 234-4599

Attorneys for Plaintiff CHRISTOPHER M. LITTY

2

STIPULATED PROTECTIVE ORDER

1    Plaintiff Christopher M. Litty ("Plaintiff") and Defendants Bank Of America
2 Corporation, Merrill Lynch & Co., Inc., and Merrill Lynch, Pierce, Fenner & Smith,
3 Inc. (collectively "Defendants") (Plaintiff and Defendants may be referred to
4 collectively herein as the "Parties"), have met and conferred in good faith pursuant to
5 Rule 26(c) of the Federal Rules of Civil Procedure, and have agreed to the following
6 terms which the Parties propose shall govern the course and conduct of discovery in
7 the above-captioned action.
8    The Parties, through their respective undersigned counsel, hereby agree to the
9 following:

10 1.    PURPOSES AND LIMITATIONS

11    Disclosure and discovery activity in this action are likely to involve production
12 of confidential, proprietary, or private information for which special protection from
13 public disclosure and from use for any purpose other than prosecuting this litigation
14 may be warranted. Accordingly, the parties hereby stipulate to and petition the court
15 to enter the following Stipulated Protective Order. The parties acknowledge that this
16 Order does not confer blanket protections on all disclosures or responses to discovery
17 and that the protection it affords from public disclosure and use extends only to the
18 limited information or items that are entitled to confidential treatment under the
19 applicable legal principles. The parties further acknowledge, as set forth in Section
20 12.3, below, that this Stipulated Protective Order does not entitle them to file
21 confidential information under seal; Civil Local Rule 79-5 sets forth the procedures
22 that must be followed and the standards that will be applied when a party seeks
23 permission from the court to file material under seal.

24 2.    DEFINITIONS

25    2.1    Challenging Party:  a Party or Non-Party that challenges the designation
26 of information or items under this Order.

27    2.2    "CONFIDENTIAL" Information or Items:  information (regardless of
28

1  how it is generated, stored or maintained) or tangible things that qualify for protection

2  under Federal Rule of Civil Procedure 26(c).

3      2.3   Counsel (without qualifier):  Outside Counsel of Record and House

4  Counsel (as well as their support staff).

5      2.4   Designating Party:  a Party or Non-Party that designates information or

6  items that it produces in disclosures or in responses to discovery as

7  "CONFIDENTIAL."

8      2.5   Disclosure or Discovery Material:  all items or information, regardless of

9  the medium or manner in which it is generated, stored, or maintained (including,

10  among other things, testimony, transcripts, and tangible things), that are produced or

11  generated in disclosures or responses to discovery in this matter.

12      2.6   Expert:  a person with specialized knowledge or experience in a matter

13  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

14  expert witness or as a consultant in this action.

15      2.7   House Counsel:  attorneys who are employees of a party to this action.

16  House Counsel does not include Outside Counsel of Record or any other outside

17  counsel.

18      2.8   Non-Party:  any natural person, partnership, corporation, association, or

19  other legal entity not named as a Party to this action.

20      2.9   Outside Counsel of Record:  attorneys who are not employees of a party

21  to this action but are retained to represent or advise a party to this action and have

22  appeared in this action on behalf of that party or are affiliated with a law firm which

23  has appeared on behalf of that party.

24      2.10   Party:  any party to this action, including all of its officers, directors,

25  employees, consultants, retained experts, and Outside Counsel of Record (and their

26  support staffs).

27      2.11   Producing Party:  a Party or Non-Party that produces Disclosure or

28

1  Discovery Material in this action.

2      2.12  Professional Vendors:  persons or entities that provide litigation support
3  services (e.g., photocopying, videotaping, translating, preparing exhibits or
4  demonstrations, and organizing, storing, or retrieving data in any form or medium)
5  and their employees and subcontractors.

6      2.13  Protected Material:  any Disclosure or Discovery Material that is
7  designated as "CONFIDENTIAL."

8      2.14  Receiving Party:  a Party that receives Disclosure or Discovery Material
9  from a Producing Party.

10  3.    SCOPE

11      The protections conferred by this Stipulation and Order cover not only
12  Protected Material (as defined above), but also (1) any information copied or extracted
13  from Protected Material; (2) all copies, excerpts, summaries, or compilations of
14  Protected Material; and (3) any testimony, conversations, or presentations by Parties
15  or their Counsel that might reveal Protected Material. However, the protections
16  conferred by this Stipulation and Order do not cover the following information: (a)
17  any information that is in the public domain at the time of disclosure to a Receiving
18  Party or becomes part of the public domain after its disclosure to a Receiving Party as
19  a result of publication not involving a violation of this Order, including becoming part
20  of the public record through trial or otherwise; and (b) any information known to the
21  Receiving Party prior to the disclosure or obtained by the Receiving Party after the
22  disclosure from a source who obtained the information lawfully and under no
23  obligation of confidentiality to the Designating Party. Any use of Protected Material at
24  trial shall be governed by a separate agreement or order.

25  4.    DURATION

26      Even after final disposition of this litigation, the confidentiality obligations
27  imposed by this Order shall remain in effect until a Designating Party agrees

28

1   otherwise in writing or a court order otherwise directs. Final disposition shall be

2   deemed to be the later of (1) dismissal of all claims and defenses in this action, with or

3   without prejudice; and (2) final judgment herein after the completion and exhaustion

4   of all appeals, rehearings, remands, trials, or reviews of this action, including the time

5   limits for filing any motions or applications for extension of time pursuant to

6   applicable law.

7   5.      DESIGNATING PROTECTED MATERIAL

8           5.1     Exercise of Restraint and Care in Designating Material for Protection.

9   Each Party or Non-Party that designates information or items for protection under this

10  Order must take care to limit any such designation to specific material that qualifies

11  under the appropriate standards. The Designating Party must designate for protection

12  only those parts of material, documents, items, or oral or written communications that

13  qualify – so that other portions of the material, documents, items, or communications

14  for which protection is not warranted are not swept unjustifiably within the ambit of

15  this Order.

16          Mass, indiscriminate, or routinized designations are prohibited. Designations

17  that are shown to be clearly unjustified or that have been made for an improper

18  purpose (e.g., to unnecessarily encumber or retard the case development process or to

19  impose unnecessary expenses and burdens on other Parties) expose the Designating

20  Party to sanctions.

21          If it comes to a Designating Party's attention that information or items that it

22  designated for protection do not qualify for protection, that Designating Party must

23  promptly notify all other Parties that it is withdrawing the mistaken designation.

24          5.2     Manner and Timing of Designations.  Except as otherwise provided in

25  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

26  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

27  under this Order must be clearly so designated before the material is disclosed or

28

1 produced.

2   Designation in conformity with this Order requires:

3     (a) for information in documentary form (e.g., paper or electronic

4 documents, but excluding transcripts of depositions or other pretrial or trial

5 proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each

6 page that contains protected material. If only a portion or portions of the material on a

7 page qualifies for protection, the Producing Party also must clearly identify the

8 protected portion(s) (e.g., by making appropriate markings in the margins).

9 A Party or Non-Party that makes original documents or materials available for

10 inspection need not designate them for protection until after the inspecting Party has

11 indicated which material it would like copied and produced. During the inspection and

12 before the designation, all of the material made available for inspection shall be

13 deemed "CONFIDENTIAL." After the inspecting Party has identified the documents

14 it wants copied and produced, the Producing Party must determine which documents,

15 or portions thereof, qualify for protection under this Order. Then, before producing the

16 specified documents, the Producing Party must affix the "CONFIDENTIAL" legend

17 to each page that contains Protected Material. If only a portion or portions of the

18 material on a page qualifies for protection, the Producing Party also must clearly

19 identify the protected portion(s) (e.g., by making appropriate markings in the

20 margins).

21     (b) for testimony given in deposition or in other pretrial or trial

22 proceedings, that the Designating Party identify on the record, before the close of the

23 deposition, hearing, or other proceeding, all protected testimony.

24     (c) for information produced in some form other than documentary and

25 for any other tangible items, that the Producing Party affix in a prominent place on the

26 exterior of the container or containers in which the information or item is stored the

27 legend "CONFIDENTIAL." If only a portion or portions of the information or item

28

1  warrant protection, the Producing Party, to the extent practicable, shall identify the

2  protected portion(s).

3      5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent

4  failure to designate qualified information or items does not, standing alone, waive the

5  Designating Party's right to secure protection under this Order for such material.

6  Upon timely correction of a designation, the Receiving Party must make reasonable

7  efforts to assure that the material is treated in accordance with the provisions of this

8  Order.

9  6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

10      6.1   Timing of Challenges.  Any Party or Non-Party may challenge a

11 designation of confidentiality at any time. Unless a prompt challenge to a Designating

12 Party's confidentiality designation is necessary to avoid foreseeable, substantial

13 unfairness, unnecessary economic burdens, or a significant disruption or delay of the

14 litigation, a Party does not waive its right to challenge a confidentiality designation by

15 electing not to mount a challenge promptly after the original designation is disclosed.

16      6.2   Meet and Confer.  Prior to filing any motion challenging the designation

17 of confidentiality, the parties shall comply with L.R. 37-1. The Challenging Party's

18 letter requesting a pre-filing conference of counsel under L.R. 37-1 shall identify the

19 designation it is challenging and the basis for each challenge.

20      6.3   Judicial Intervention.  If the Parties cannot resolve a challenge pursuant

21 to the pre-filing conference of counsel under L.R. 37-1 without court intervention, the

22 parties shall formulate a written stipulation pursuant to L.R. 37-2. The Challenging

23 Party may challenge a confidentiality designation pursuant to L.R. 37 at any time if

24 there is good cause for doing so, including a challenge to the designation of a

25 deposition transcript or any portions thereof.

26      The burden of persuasion in any such challenge proceeding shall be on the

27 Designating Party. Frivolous challenges, and those made for an improper purpose

28

1   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

2   expose the Challenging Party to sanctions. All parties shall continue to afford the

3   material in question the level of protection to which it is entitled under the

4   Producing Party's designation until the court rules on the challenge.

5   7.   ACCESS TO AND USE OF PROTECTED MATERIAL

6   　　　7.1   Basic Principles. A Receiving Party may use Protected Material that is

7   disclosed or produced by another Party or by a Non-Party in connection with this case

8   only for prosecuting, defending, or attempting to settle this litigation. Such Protected

9   Material may be disclosed only to the categories of persons and under the conditions

10  described in this Order. When the litigation has been terminated, a Receiving Party

11  must comply with the provisions of section 13 below (FINAL DISPOSITION).

12  　　　Protected Material must be stored and maintained by a Receiving Party at a

13  location and in a secure manner that ensures that access is limited to the persons

14  authorized under this Order.

15  　　　7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless

16  otherwise ordered by the court or permitted in writing by the Designating Party, a

17  Receiving Party may disclose any information or item designated "CONFIDENTIAL"

18  only to:

19  　　　　　(a) the Receiving Party's Outside Counsel of Record in this action, as

20  well as employees of said Outside Counsel of Record to whom it is reasonably

21  necessary to disclose the information for this litigation and who have signed the

22  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

23  　　　　　(b) the officers, directors, and employees (including House Counsel) of

24  the Receiving Party to whom disclosure is reasonably necessary for this litigation and

25  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26  　　　　　(c) Experts (as defined in this Order) of the Receiving Party to whom

27  disclosure is reasonably necessary for this litigation and who have signed the

28

1  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2          (d)  the court and its personnel;

3          (e)  court reporters and their staff, professional jury or trial consultants,

4  mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

5  for this litigation and who have signed the "Acknowledgment and Agreement to Be

6  Bound" (Exhibit A);

7          (f)  during their depositions, witnesses in the action to whom disclosure is

8  reasonably necessary and who have signed the "Acknowledgment and Agreement to

9  Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

10  by the court. Pages of transcribed deposition testimony or exhibits to depositions that

11  reveal Protected Material must be separately bound by the court reporter and may not

12  be disclosed to anyone except as permitted under this Stipulated Protective Order.

13          (g)  the author or recipient of a document containing the information or a

14  custodian or other person who otherwise possessed or knew the information.

15  8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

16          OTHER LITIGATION

17          If a Party is served with a subpoena or a court order issued in other litigation

18  that compels disclosure of any information or items designated in this action as

19  "CONFIDENTIAL," that Party must:

20          (a)  promptly notify in writing the Designating Party. Such notification

21  shall include a copy of the subpoena or court order;

22          (b)  promptly notify in writing the party who caused the subpoena or

23  order to issue in the other litigation that some or all of the material covered by the

24  subpoena or order is subject to this Protective Order. Such notification shall include a

25  copy of this Stipulated Protective Order; and

26          (c)  cooperate with respect to all reasonable procedures sought to be

27  pursued by the Designating Party whose Protected Material may be affected.

28

1    If the Designating Party timely seeks a protective order, the Party served with
2  the subpoena or court order shall not produce any information designated in this
3  action as "CONFIDENTIAL" before a determination by the court from which the
4  subpoena or order issued, unless the Party has obtained the Designating Party's
5  permission. The Designating Party shall bear the burden and expense of seeking
6  protection in that court of its confidential material – and nothing in these provisions
7  should be construed as authorizing or encouraging a Receiving Party in this action
8  to disobey a lawful directive from another court.

9  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED
10        IN THIS LITIGATION

11       (a)  The terms of this Order are applicable to information produced by a
12  Non-Party in this action and designated as "CONFIDENTIAL." Such information
13  produced by Non-Parties in connection with this litigation is protected by the
14  remedies and relief provided by this Order. Nothing in these provisions should be
15  construed as prohibiting a Non-Party from seeking additional protections.

16       (b)  In the event that a Party is required, by a valid discovery request, to
17  produce a Non-Party's confidential information in its possession, and the Party is
18  subject to an agreement with the Non-Party not to produce the Non-Party's
19  confidential information, then the Party shall:

20       (1)  promptly notify in writing the Requesting Party and the Non-
21  Party that some or all of the information requested is subject to a confidentiality
22  agreement with a Non-Party;

23       (2)  promptly provide the Non-Party with a copy of the Stipulated
24  Protective Order in this litigation, the relevant discovery request(s), and a reasonably
25  specific description of the information requested; and

26       (3)  make the information requested available for inspection by the
27  Non-Party.

28

1    (c)  If the Non-Party fails to object or seek a protective order from this

2 court within 14 days of receiving the notice and accompanying information, the

3 Receiving Party may produce the Non-Party's confidential information responsive to

4 the discovery request. If the Non-Party timely seeks a protective order, the Receiving

5 Party shall not produce any information in its possession or control that is subject to

6 the confidentiality agreement with the Non-Party before a determination by the court.

7 Absent a court order to the contrary, the Non-Party shall bear the burden and expense

8 of seeking protection in this court of its Protected Material.

9 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

11 Protected Material to any person or in any circumstance not authorized under this

12 Stipulated Protective Order, the Receiving Party must immediately (a) notify in

13 writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

14 to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

15 persons to whom unauthorized disclosures were made of all the terms of this Order,

16 and (d) request such person or persons to execute the "Acknowledgment and

17 Agreement to Be Bound" that is attached hereto as Exhibit A.

18 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

19    PROTECTED MATERIAL

20    When a Producing Party gives notice to Receiving Parties that certain

21 inadvertently produced material is subject to a claim of privilege or other protection,

22 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

23 Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

24 may be established in an e-discovery order that provides for production without

25 prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar

26 as the parties reach an agreement on the effect of disclosure of a communication or

27 information covered by the attorney-client privilege or work product protection, the

28

57841456.1

1  parties may incorporate their agreement in the stipulated protective order submitted
2  to the court.

3  **12.   MISCELLANEOUS**

4       12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any
5  person to seek its modification by the court in the future.

6       12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this
7  Protective Order no Party waives any right it otherwise would have to object to
8  disclosing or producing any information or item on any ground not addressed in this
9  Stipulated Protective Order. Similarly, no Party waives any right to object on any
10 ground to use in evidence of any of the material covered by this Protective Order.

11      12.3   <u>Filing Protected Material</u>. Without written permission from the
12 Designating Party or a court order secured after appropriate notice to all interested
13 persons, a Party may not file in the public record in this action any Protected Material.
14 A Party that seeks to file under seal any Protected Material must comply with Civil
15 Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court
16 order authorizing the sealing of the specific Protected Material at issue. Pursuant to
17 Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that
18 the Protected Material at issue is privileged, protectable as a trade secret, or otherwise
19 entitled to protection under the law. If a Receiving Party's request to file Protected
20 Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then
21 the Receiving Party may file the information in the public record pursuant to Civil
22 Local Rule 79-5(e) unless otherwise instructed by the court.

23 **13.   FINAL DISPOSITION**

24      Within 60 days after the final disposition of this action, as defined in
25 paragraph 4 (DURATION), each Receiving Party must return all Protected Material
26 to the Producing Party or destroy such material. As used in this subdivision, "all
27 Protected Material" includes all copies, abstracts, compilations, summaries, and any
28

1  other format reproducing or capturing any of the Protected Material. Whether the

2  Protected Material is returned or destroyed, the Receiving Party must submit a

3  written certification to the Producing Party (and, if not the same person or entity, to

4  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

5  appropriate) all the Protected Material that was returned or destroyed and (2) affirms

6  that the Receiving Party has not retained any copies, abstracts, compilations,

7  summaries or any other format reproducing or capturing any of the Protected

8  Material. Notwithstanding this provision, Counsel are entitled to retain an archival

9  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

10  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

11  work product, and consultant and expert work product, even if such materials

12  contain Protected Material. Any such archival copies that contain or constitute

13  Protected Material remain subject to this Protective Order as set forth in Section 4

14  (DURATION).

15

16  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17  DATED: June 17, 2014

18  **WOLF HALDENSTEIN ADLER**

                  **FREEMAN & HERZ LLP**

19

20  By:       /s/ Betsy C. Manifold
                       BETSY C. MANIFOLD

21

22                         FRANCIS M. GREGOREK
                       gregorek@whafh.com

23                         BETSY C. MANIFOLD
                       manifold@whafh.com

24                         RACHELE R. RICKERT
                       rickert@whafh.com

25                         MARISA C. LIVESAY

26                         livesay@whafh.com

27                         750 B Street, Suite 2770

28                         San Diego, CA 92101

1

2      Telephone: 619/239-4599
       Facsimile: 619/234-4599

3      **WOLF HALDENSTEIN ADLER**
4      **FREEMAN & HERZ LLP**
       JEFFREY G. SMITH (133113)
5      smith@whafh.com
       270 Madison Avenue
6      New York, NY 10016
       Telephone: 212/545-4600
7      Facsimile: 212/545-4653

8

9      Attorneys for Plaintiff

10   DATED: June 17, 2014     **McGuireWoods LLP**

11

12                            By:      /s/ Michael D. Mandel

13                                   Matthew C. Kane, Esq.
                                     Michael D. Mandel, Esq.
14                                   Regina A. Musolino, Esq.
                                     Truc T. Nguyen, Esq.

15

16                            Attorneys for Defendants
                              MERRILL LYNCH & CO., INC.;
17                            MERRILL LYNCH, PIERCE, FENNER
                              & SMITH, INC.; and
18                            BANK OF AMERICA CORPORATION

19

20

21   PURSUANT TO STIPULATION, IT IS SO ORDERED.

22

23   DATED: 6/20/14
24
25   _____
                              United States District/Magistrate Judge
26

27

28

57841456.1                         15
                         STIPULATED PROTECTIVE ORDER

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

[date] in the case of *Christopher Litty v. Merrill Lynch & Co. Inc. et. al.* Case No.:

CV-14-0425-PA (PJWx). I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Northern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____