UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Joint Motion for Preliminary Approval of Class Settlement (the "Motion") filed by plaintiff Christopher M. Litty ("Plaintiff") and defendants Merrill Lynch & Co., Inc.; Merrill Lynch, Pierce, Fenner & Smith, Inc.; and Bank of America Corporation ("Defendants") (Docket No. 106). Also before the Court is a Motion to Intervene filed by proposed plaintiff-intervenors Andrew Blum, Zaq Harrison, Celeste Orozco, and Derrick Chambers ("Intervenors") (Docket No. 112). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument. The hearing calendared for April 27, 2015, is vacated, and the matter taken off calendar.

**I. Factual & Procedural Background**

Plaintiff worked for Merrill Lynch, Pierce, Fenner & Smith Inc. as an overtime-exempt Financial Advisor Trainee ("FAT") and later as an overtime-exempt Financial Advisor ("FA"). Plaintiff alleges Defendants' FAs were unilaterally misclassified as exempt and that the proposed Settlement Members routinely worked in excess of forty hours each week without receiving overtime compensation.

On January 17, 2014, Plaintiff filed his Class and Collective Action Complaint. Plaintiff filed a Second Amended Complaint ("SAC") on March 28, 2014. Plaintiff brings this lawsuit as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), (the "Collective Claim") against Defendants for violations of federal unpaid overtime compensation laws, and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other persons similarly situated (the "Class Claim") who suffered damages as a result of Defendants' alleged violations of the FLSA and of the Labor Laws of the State of California. (SAC ¶ 3.)

Specifically, the SAC alleges the following claims for relief: (1) Restitution for Failure to Pay Overtime, 29 U.S.C. § 207(a)(1); (2) Restitution for Failure to Pay Overtime, Cal. Lab. Code §§ 510, 1194, 1198, and 2699; (3) Failure to Reimburse Expenses and/or Prohibited Cash Bond, California Labor Code §§ 406, 2699, and 2802; (4) Unfair Competition Law, Cal. Bus. & Prof Code § 17200, et

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

seq.; (5) Failure to Maintain Accurate Records and Wage Statements, Cal. Lab. Code §§ 226 and 1174; and (6) Civil Penalties Under the Private Attorneys General Act: Labor Code §§ 2698, et seq.

Plaintiff moved for class and collective certification on April 21, 2014. On August 4, 2014, this Court denied Plaintiff's Motion, primarily because Plaintiff failed to submit evidence that the entire proposed class was misclassified as exempt. The Court determined the central issues in this action were not common to all putative class members and were not based on a common core of salient facts. On November 11, 2014, the Court struck all class, collective, and representative allegations and claims from the SAC.

The parties filed a Notice of Settlement on February 12, 2015. Pursuant to that settlement, the parties filed this Motion for Preliminary Approval of Settlement. Defendants stipulate to the propriety of class certification for settlement purposes. The parties have also agreed upon and request that the proposed Third Amended Complaint ("TAC") should be filed upon preliminary approval. The TAC alleges the same six claims as the SAC and adds a seventh claim for failure to provide meal periods and rest periods, Cal. Lab. Code §§ 512, 226.7. Additionally, the TAC alleges claims on behalf of a more narrowly-defined covered position, limited to "current and former Financial Advisors employed by Merrill Lynch, specifically 'Financial Advisors' and 'Financial Advisor Trainees' with a job code of 'BK016' or 'BK025' and whom Merrill classified as exempt and eligible for commission." (TAC ¶ 4.)

## II.     Analysis

The parties request that the Court preliminarily certify the settlement class and group under Federal Rule of Civil Procedure 23(b)(3) and the FLSA. Specifically, Plaintiff seeks certification of:

      a.      the "Federal Collective Group" consisting of all individuals who were or are employed by Defendants in Covered Positions in the United States (including the District of Columbia and Puerto Rico) at any time since January 17, 2011, and who timely opt-in to any such collective group; and

      b.      the "California Class" consisting of all individuals employed by Defendants in Covered Positions in the State of California at any time since January 17, 2010.

(Declaration of Betsy C. Manifold ("Manifold Decl."), Ex. 6, [Proposed] Third Amended Complaint, ¶¶ 4, 5.)

The persons Plaintiff seeks to represent are current and former Financial Advisors employed by Merrill Lynch, specifically FAs and FATs with a job code of "BK016" or "BK025" and whom Merrill Lynch classified as exempt and eligible for commission:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

      a.      to whom Defendants failed to pay overtime premium for any work in excess of eight hours in one workday, and any work in excess of forty hours in any one workweek as required by law;

      b.      who were unlawfully compelled to pay for Defendants' business expenses;

      c.      who were unlawfully denied meal periods and/or rest periods as required by law; and

      d.      as to whom Defendants failed to contemporaneously record, track, and/or maintain adequate records of their employees' hours worked in a given workweek as mandated by law.

(Manifold Decl., Ex. 6, [Proposed] Third Amended Complaint, ¶¶ 4, 5.)

### A. Class Certification for Settlement Purposes

To obtain class certification, Plaintiff must demonstrate that the proposed settlement class meets the four requirements of Rule 23(a) and the two requirements of Rule 23(b)(3). See Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 580 (9th Cir. 2010), rev'd on other grounds 131 S. Ct. 795, 178 L. Ed. 2d 530 (2010); Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1186 (9th Cir. 2001).

Federal Rule of Civil Procedure 23(a) requires Plaintiff to demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In addition, Federal Rule of Civil Procedure 23(b)(3) requires the Court to find that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). "Rule 23 'provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court.'" Armstrong v. Davis, 275 F.3d 849, 871 n.28 (9th Cir. 2001) (citation omitted).

Where, as here, the parties have reached a settlement agreement prior to class certification, "the court 'must pay undiluted, even heightened, attention to class certification requirements' because, unlike in a fully litigated class action suit, the court will not have future opportunities 'to adjust the class, informed by the proceedings as they unfold.'" Alberto v. GMRI, Inc., 252 F.R.D. 652, 658 (E.D. Cal. 2008) (quoting Amchem Prods. Inc. v. Windsor, 521 U.S. 591, 620, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)). "The parties cannot 'agree to certify a class that clearly leaves any one requirement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

unfulfilled,' and consequently the court cannot blindly rely on the fact that the parties have stipulated that a class exists for purposes of settlement." Id. (quoting Berry v. Baca, 2005 WL 1030248, at *7 (C.D. Cal. May 2, 2005)); see also Amchem, 521 U.S. at 622 (observing that nowhere does Rule 23 say that class certification is proper simply because the settlement appears fair).

  1. Rule 23(a) Requirements

As detailed above, Rule 23(a) establishes four prerequisites for class action litigation: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. To obtain class certification, "actual, not presumed, conformance with Rule 23(a) [is] . . . indispensable," and the Court conducts a "rigorous analysis" to ensure these requirements are satisfied. General Tel. Co. v. Falcon, 457 U.S. 147, 160-61, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). This rigorous analysis, as the Ninth Circuit explained in Dukes, "does not mean that a district court must conduct a full-blown trial on the merits prior to certification. A district court's analysis will often, though not always, require looking behind the pleadings, even to issues overlapping with the merits of the underlying claims." Dukes, 603 F.3d at 581. Thus, while a court at the class certification stage is prohibited from making determinations on the merits that do not overlap with the Rule 23 inquiry, district courts must make determinations that each requirement of Rule 23 is actually met. Id. at 582. Plaintiff must demonstrate to the Court's satisfaction, and not merely allege, that the suit is appropriate for class resolution.[1/] Id.

    a. Numerosity

A proposed class meets Rule 23(a)'s numerosity requirement where the class is so numerous that joinder of all members individually is "impracticable." Fed. R. Civ. P. 23(a)(1). No exact numerical cut-off is required; rather, the specific facts of each case must be considered. In re Cooper Cos. Sec. Litig., 254 F.R.D. 628, 634 (C.D. Cal. 2009) (citing General Tel. Co. of Northwest, Inc. v. E.E.O.C., 446 U.S. 318, 330, 100 S. Ct. 1698, 64 L. Ed. 2d 319 (1980)). However, numerosity is presumed where the plaintiff class contains forty or more members. Id. (citing Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995)). "Additionally, it is not necessary to state the exact number of

---

[1/] Although neither the Ninth Circuit nor the Supreme Court has decisively attached a standard of proof to Rule 23's requirements, many courts apply the preponderance standard. See, e.g., Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc., 546 F.3d 196, 202 (2d Cir. 2008) ("Today, we dispel any remaining confusion and hold that the preponderance of the evidence standard applies to evidence proffered to establish Rule 23's requirements."); In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 321-22 (3d Cir. 2008); Mekhitarian v. Deloitte & Touche (ICS), LLC, 2009 U.S. Dist. LEXIS 131754 (C.D. Cal. Nov. 3, 2009), at *14 ("Because the Court finds that the preponderance standard of Rule 23(b)(3) is not met, it does not decide if all of the Rule 23(a) factors are satisfied."). The Court believes that this burden of proof is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

class members when the plaintiff's allegations 'plainly suffice' to meet the numerosity requirement." Id. (quoting Schwartz v. Harp., 108 F.R.D. 279, 281-82 (C.D. Cal. 1985)).

Plaintiff's allegations meet the standard for numerosity. Plaintiff asserts that he has identified over a thousand putative class members according to the listings for Financial Advisors in California on Defendants' website. Further, Defendants represent that there are over 2,400 settlement members. Given the number of class members involved, the Court finds that the numerosity requirement is met.

b. Commonality

The commonality requirement is met if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The commonality requirement is construed "permissively." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). All questions of fact and law need not be common; rather, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Id. Commonality requires that the claims of a named plaintiff and all putative class members "depend upon a common contention . . . of such a nature that it is capable of class-wide resolution – which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).

Here, Plaintiff alleges several common questions of fact and law. The allegations of the TAC are that: (1) all California Class members were misclassified by Defendants and, thus, did not receive overtime pay; (2) Defendants made improper deductions from California Class members' compensation and failed to reimburse them for expenses; (3) California Class members were not adequately provided required rest periods or meal breaks in violation of California wage and hour laws; and (4) Defendants failed to provide adequate wage statements. Thus, Plaintiff concludes, "all California class members have claims in common because Defendants are alleged to have treated all of its FAs the same in these circumstances." (Motion at 21.)

When this Court denied Plaintiff's Motion for Class Certification, the Court determined the variation in how and where the FAs performed their primary duties was fatal to commonality. Although the TAC alleges claims on behalf of a more narrowly-defined class, the Court's concerns regarding commonality remain. The exclusion of more senior FA positions from the class does not eliminate the variation in how and where the FAs perform their primary duties, which is fatal to commonality. See, e.g., Rosenberg v. Renal Advantage, Inc., 2013 U.S. Dist. LEXIS 88468, *21 (S.D. Cal. 2013) (finding insufficient commonality in the face of the defendant's assertion of the professional exemption because "the record shows differing evidence as to how the [employees] actually spend their time on the job," and "variations in how the [employees] performed their duties [and] managed their tasks"). Plaintiff has not presented new evidence or addressed any of the Court's concerns regarding commonality since the first failed Motion for Class Certification. Plaintiff does not adequately allege the more junior FAs had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

the same duties or performed them in the same manner and place. The Court concludes the commonality requirement for the purposes of preliminary approval has not been met.

        c.       Typicality

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Representative claims are "typical" if they are "reasonably co-extensive with those of absent class members"; they "need not be substantially identical." Hanlon, 150 F.3d at 1020. However, class representatives "must be able to pursue [their] claims under the same legal or remedial theories as the unrepresented class members." In re Paxil Litigation, 212 F.R.D. 539, 549 (C.D. Cal. 2003). The Ninth Circuit has established that the "purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). Thus, "class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" Id. at 508 (quoting Gary Plastic Packaging Corp. v. Merrill Lynch, 903 F.2d 176, 180 (2d. Cir. 1990)). "However, the Court should not 'disqualify a named plaintiff based upon any groundless, far-fetched defense that the defendant manages to articulate.'" Blank v. Jacobs, 2009 U.S. Dist. LEXIS 91605, at *13 (E.D.N.Y. Sept. 30, 2009) (quoting Rocco v. Nam Tai Elecs., 245 F.R.D. 131, 135 (S.D.N.Y. 2007)).

In its August 4, 2014 Order, the Court concluded Plaintiff failed to satisfy the typicality requirement because the variation among the FA's job duties showed each claim was atypical. Now, however, the parties stipulate for the purposes of settlement that Plaintiff's claims are typical of those of all putative class members based on the narrower job codes. Plaintiff asserts that his work routine was "identical to other Financial Advisors" and that his "claims are substantially similar to those of the other Financial Advisors because, to my knowledge, Merrill encouraged its Financial Advisors to work in excess of 40 hours per week and failed to compensate all Financial Advisors for hours in excess of 40 such that all . . . sustained damages which arose out of Merrill's unlawfully classifying Financial Advisors as exempt. . . ." (Declaration of Christopher M. Litty ("Litty Decl.") at ¶¶ 17, 20.)

Despite the narrowed class definition, Plaintiff does not present any additional evidence that demonstrates his claims are now typical of the claims of the class. Without significant elaboration, Plaintiff hopes the elimination of some of the more senior FA positions allays the Court's concerns regarding typicality. However, the variation among the FAs in how and where they performed their job duties tends to show each claim is atypical. Therefore, Plaintiff has failed to satisfy the typicality requirement.

        d.       Adequacy of representation

Rule 23(a) also requires that the representative parties be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate if the named plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

(1) "do not have conflicts of interest with the proposed class" and (2) are "represented by qualified and competent counsel." Dukes, 509 F.3d at 1185.

Plaintiff asserts that there are no conflicts of interest between Plaintiff and the members of the putative class. Additionally, Plaintiff has retained counsel with significant experience in prosecuting class actions on behalf of employees. The counsel have had numerous wage and hour class action settlements approved by federal and state courts. (Manifold Decl. ¶¶ 26, 31.)

Plaintiff's counsel appear to be qualified and competent, as they have had extensive experience in similar actions. Moreover, Plaintiff does not appear to have any conflicts of interest with the members of the proposed class. Thus, the Court finds that Plaintiff and his counsel have demonstrated that they are able to "fairly and adequately protect the interests of the class[es]." Fed. R. Civ. P. 23(a)(4).

In light of the foregoing, Plaintiff has not satisfied the prerequisites of Rule 23(a).

2. Rule 23(b)(3) Requirements

Rule 23(b)(3) requires the Court to find that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Hanlon, 150 F.3d at 1022. This analysis requires more than proof of common issues of law or fact. Id. Rather, the common questions must "present a significant aspect of the case [that] they can be resolved for all members of the class in a single adjudication." Id. The superiority inquiry requires determination of "whether objectives of the particular class action procedure will be achieved in the particular case." Id. at 1023. Notably, the class action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996) (citation omitted).

Plaintiff claims the Rule 23(b)(3) requirements are satisfied because common questions predominate in this case and that the "only remaining individual issue. . . is the actual amount of the award that each individual class member will receive." (Motion at 23.) Plaintiff also argues settling this action is superior to other methods of adjudication "because the alternative to a class action - many duplicative individual actions - would be inefficient and unfair." (Motion at 24.)

Plaintiff offers no evidence beyond his own declaration as to how much time FAs spend in or out of the office. Although some of the senior FA positions have been removed from the California Class, the record still shows significant disparities in duties, and how and where the putative class members perform their duties. The ultimate adjudication of the applicability of the exemptions to Plaintiff and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

every other FA will turn on individualized inquiries, dependent upon the way in which the particular FA performs his or her job, where they spend their time performing their job, and the manner and amount in which they were compensated. Plaintiff has failed to demonstrate that there are common questions that be adjudicated on a class-wide basis. See Nielson v. Sports Auth., No. C 11-4724 SBA, 2012 WL 5941614, at *4 (N.D. Cal. Nov. 27, 2012) ("[T]o secure certification under Rule 23(b)(3), Plaintiff must offer more than vague references to company-wide common policies and procedures. . . . 'Whether such a policy is in place or not, courts must still ask where the individual employees actually spent their time.'") (quoting In re Wells Fargo Home Mortg. Overtime Pay Litig., 571 F.3d 953, 959 (9th Cir. 2009)). The Court concludes that Plaintiff has failed to adequately demonstrate that class certification under Rule 23(b)(3) is warranted in this action. Id. ("Since Plaintiff's motion provides no such elucidation [on how class members performed their duties], the Court finds that Plaintiff has failed to satisfy the predominance and superiority requirements of Rule 23(b)(3).").

**B.   Requirements Under the FLSA**

The Court next addresses whether it is appropriate to certify a collective action under the FLSA. Section 216(b) of the FLSA allows employees to represent similarly situated employees in an action against their employer for failure to pay wages owed. 29 U.S.C. § 216(b). But unlike class actions brought under Federal Rule of Procedure 23, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party. . . ." See id.; Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) (FLSA requires that employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.").

Neither the FLSA, nor the Ninth Circuit, has defined the term "similarly situated" for purposes of certifying a collective action. Brewer v. Gen. Nutrition Corp., No. 11–cv–03587 YGR, 2013 WL 100195, at *2 (N.D. Cal. Jan. 7, 2013). Certification of a collective action under FLSA typically proceeds in two-stages. See id.; Harris v. Vector Mktg. Corp., 716 F. Supp. 2d 835, 837 (N.D. Cal. 2010). At the initial "notice stage," the Court determines whether the plaintiffs are "similarly situated," deciding whether a collective action should be certified for the purpose of sending notice of the action to potential class members. Brewer, 2013 WL 100195, at *2. At this initial stage, plaintiffs can satisfy their burden to show that they are "similarly situated" by making substantial allegations, supported by declarations or discovery, that "the putative class members were together the victims of a single decision, policy, or plan." Id., at *3 (quoting Thiessen v. Gen. Elec. Cap. Corp., 267 F.3d 1095, 1102 (10th Cir. 2001)). This determination is made based on a fairly lenient standard, and typically results in a conditional certification. Brewer, 2013 WL 100195, at *3. "The requisite showing of similarity of claims under the FLSA is considerably less stringent than the requisite showing under Rule 23 of the Federal Rules of Civil Procedure. All that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." Hill v. RL Carriers, Inc., 690 F. Supp. 2d 1001, 1009 (N.D. Cal. 2010) (quoting Wertheim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

v. Arizona, No. 92–cv–453, 1993 WL 603552, at *1 (D. Ariz. Sept. 30, 1993)); see also Harris v. Vector Mktg. Corp., 753 F. Supp. 2d 996, 1003 (N.D. Cal. 2010).

The second determination is made at the conclusion of discovery, usually upon a motion for decertification by the defendant, when courts apply a stricter standard for similarly situated employees and review several factors, including whether individual plaintiffs' claims involve disparate factual or employment settings; the various defenses available to the defendant which appear to be individual to each plaintiff; as well as fairness and procedural considerations. Brewer, 2013 WL 100195, at *3.

Plaintiff relies on his arguments for meeting the requirements of Rule 23 to argue he has satisfied the more lenient standard for conditional certification under the FLSA. "As it is appropriate to conditionally certify the class for settlement purposes only under Fed. R. Civ. P. 23, it also follows that conditional certification of the collective action under section 216(b) of the FLSA is appropriate." (Motion at 25.)

The Court, however, has concluded that certification pursuant to Rule 23 is not appropriate. Furthermore, in its August 4, 2014 Order denying class and collective action certification, the Court determined Plaintiff failed to show that he and the proposed collective group will rely on common evidence in proving the merits of their collective case.

Despite the narrowed class definition, Plaintiff still has not addressed the Court's concerns. There are numerous relevant inquiries a fact-finder must answer when deciding whether any particular FA is exempt from FLSA overtime requirements, including: the job duties actually performed by each FA on a daily basis; the time each FA spent performing day-to-day tasks; the importance of the duties performed; the extent to which each FA engaged in sales duties; the amount of time each FA worked outside the office; whether each FA made over $ 100,000; and whether each FA performed a sufficient mix of different types of exempt duties to qualify for the combination exemption. For FATs, the combination of duties and where those duties are performed also varies.

Plaintiff has failed to show that he and the proposed collective group members would rely on common evidence in proving the merits of their collective case.[2/] Although the burden is lenient, the Court finds Plaintiff has failed to provide substantial allegations and the modest factual showing that he is "similarly situated" to other proposed collective group members' job requirements and pay

---

[2/]   See Trinh v. JP Morgan Chase & Co., 2008 U.S. Dist. LEXIS 33016, at *8-9 (S.D. Cal. Apr. 22, 2008) (plaintiffs' allegations and evidence that "Plaintiffs and members of the putative class had essentially the same job description and training and were compensated in the same manner" is insufficient).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

provisions, even with the more narrowly-defined class.[3/]  Because of the individualized inquiries involved, the Court finds that judicial economy would not be advanced by allowing this suit to proceed as a collective action.

Where "the ultimate issue to be decided is whether each employee was properly classified as exempt under the FLSA, the 'similarly situated' inquiry must be analyzed in terms of the nature of each putative plaintiff's job duties," even at the conditional certification stage. Trinh v. JP Morgan Chase & Co., 2008 U.S. Dist. LEXIS 33016, at *13 (S.D. Cal. Apr. 22, 2008).  Accordingly "[w]here, as here, a case involves a claim of misclassification of FLSA-exempt status, courts also require plaintiffs to provide some further allegation or evidence indicating that prospective class members share similar duties." Benedict v. Hewlett-Packard Co., 2104 U.S. Dist. LEXIS 18594, *27 (N.D. Cal. Feb. 12, 2014) (citing Trinh, 2008 U.S. Dist. LEXIS 33016).

Several courts have found that merely alleging that a class of employees was wrongly designated "exempt" does not constitute a showing of an unlawful, institution-wide policy. See, e.g., Mike v. Safeco Co., 274 F. Supp. 2d 216, 221 (D. Conn. 2003) (rejecting plaintiff's argument that defendant's characterization of employees as exempt under the FLSA sufficiently establishes that these employees are similarly situated for purposes of conditional certification); Sheffield v. Orius Corp., 211 F.R.D. 411, 413 (D. Or. 2002) (same); Chemi v. Champion Mortg., 2006 U.S. Dist. LEXIS 100917 (D.N.J. June 19, 2006) (finding allegation of improper exempt classification insufficient because if that were true "every case brought before the courts alleging improper designation as non-exempt employees would automatically qualify for conditional certification."). Because of the individualized inquiries involved, the Court finds that judicial economy would not be advanced by allowing this suit to proceed as a collective action.

### C. **Fairness of the Proposed Class Settlement**

Rule 23(e) requires a district court to determine whether a proposed class action settlement is "fundamentally fair, adequate, and reasonable." Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003). To make this determination, the Court considers a number of factors, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the

---

[3/]  See Olivo v. GMAC Mortgage Corp., 374 F. Supp. 2d 545 (E.D. Mich. 2004) (denying collective action notice due to presence of outside sales exemption); Pfohl v. Farmers Ins. Group, 2004 U.S. Dist. LEXIS 6447, at *27 (C.D. Cal. Mar. 1, 2004) ("[D]iffering job duties and [an] individualized inquiry to determine whether these varying duties meet the administrative exemption preclude a collective action.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

proposed settlement. See id. Also, the settlement may not be the product of collusion among the negotiating parties. In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 458 (9th Cir. 2000).

At the preliminary approval stage, some of these factors cannot be fully assessed. Accordingly, a full fairness analysis is unnecessary. See Alberto v. GMRI, Inc., 252 F.R.D. 652, 665 (E.D. Cal. 2008); Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 237 F.R.D. 26, 34 (E.D.N.Y. 2006). Rather, the court need only review the parties' proposed settlement to determine whether it is within the permissible "range of possible judicial approval" and, thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate. Wright v. Linkus Enters., 259 F.R.D. 468, 472 (E.D. Cal. 2009). "[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." Hanlon, 150 F.3d at 1027. The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).

    1.  The amount offered in the Settlement Agreement

Plaintiff's counsel believes settling the claims is in the best interest of class and thinks the Settlement Agreement is an excellent result for the more junior, narrowly-defined group. Pursuant to the Settlement Agreement, the total settlement amount is $5,000,000. From this amount will be paid: no more than $55,000 in costs and $190,000 for settlement administration expenses; $20,000 to the PAGA claims, with 75% paid directly to the California Labor & Workforce Development Agency ("LWDA") and $5,000 to remain as part of the Net Settlement Fund; and $5,000 for the time and services of the class representative. Plaintiff's counsel will request $1,000,000 in fees, consistent with the 25% benchmark in the Ninth Circuit for class actions. See Vizcaino v. Mircrosoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002). After subtracting the requested attorney fees and costs, LDWA payment, service award, and anticipated administrative costs, the remaining Net Settlement Fund is approximately $3.8 million.

Based, in part, on information provided by Defendants in advance of the mediation and prior settlement information for similar employees in the financial services industry, Plaintiff developed a range of possible damage outcomes. Plaintiff's range begins at $9 million (assuming a nominal number of overtime hours and limited proof of expense claims for the California Class) up to approximately $50-70 million (assuming approximately 10 hours a week of overtime for a nationwide class as well as expenses for the California Class). A settlement of $5 million is approximately 55% of lowest range of damages and approximately 7-10% of Plaintiff's highest estimated damages. (Manifold Decl. ¶ 9.) The parties claim this is a significant recovery for class members in light of the risks and costs of further litigation. See Glass v. UBS Fin. Servs., Inc., No. C-06-4068 MMC, 2007 WL 221862, at *9 (N.D. Cal. Jan. 26, 2007) aff'd, 331 F. App'x 452 (9th Cir. 2009) (approving a settlement of an action claiming

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

unpaid overtime wages where the settlement amount constituted approximately 25% to 35% of the estimated actual loss to the class).

"In determining whether the amount offered in settlement is fair, the Ninth Circuit has suggested that the Court compare the settlement amount to the parties' 'estimates of the maximum amount of damages recoverable in a successful litigation.'" See Glass, 2007 WL 221862, at *4 (quoting In re Mego, 213 F.3d at 459). Here, however, Plaintiff's range of settlement outcomes is derived from records where financial advisors settled federal and state wage and hour claims. (See Plaintiff's Opp. to Motion to Intervene at 22.) Plaintiff should have developed a range of settlement outcomes based on damages recoverable in a successful litigation. Accordingly, the Court finds that the amount offered in the Settlement Agreement weighs against preliminary approval.

> 2. The strength of Plaintiff's case and the risk, expense, complexity, and likely duration of further litigation; and the extent of discovery completed and the stage of the proceedings

Given the extent of discovery completed and the late stage of the proceedings, Plaintiff claims he was well informed about the merits of his case. Yet, Plaintiff also recognizes numerous obstacles exist that could prevent him from establishing Defendants' liability at trial or on appeal. Plaintiff's counsel state that further litigation of this action would be time-consuming, complex, and involve substantial risks to the Settlement Class Members. Moreover, continued litigation would delay payment to the Settlement Class Members and increase the amount of attorneys' fees.

Plaintiff's counsel, however, appear to have forgotten the procedural history of this case. All class, collective, and representative allegations were stricken from the SAC on November 10, 2014. Plaintiff's counsel is not representing any class and currently only Mr. Litty's claims remain. This action is not as complex as Plaintiff purports, nor is there any substantial risk to the class members since Plaintiff's counsel does not represent them. Therefore, Plaintiff was in an exceedingly poor position to broker a class settlement of any kind. Plaintiff even admits he was in a "tenuous procedural posture" going into the negotiations. (Motion at 2.) Although Plaintiff may be well informed about the merits of his case given the late stage of the proceeding, the relative strength and value of his case has been significantly diminished since the inception of the action.

Furthermore, it appears Defendants took advantage of Plaintiff's compromised position in order to negotiate a sweeping agreement to settle Plaintiff's case, as well as the two class actions brought by the proposed intervenors. The proposed intervenors are currently litigating two cases: a class action based on off-the-clock claims on behalf of FATs under the FLSA, California law, and New York Law (the "Orozco case"), and an action based on classwide misclassification claims on behalf of FATs under the FLSA and Maryland law (the "Blum case"). (Motion to Intervene at 4.) The proposed intervenors claim Defendants "executed a tolling agreement and engaged in prolonged settlement discussions with Intervenors and their counsel in an attempt to reach a settlement . . . ." (Id. at 4-5.) Shortly after the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

mediation with Intervenors, however, Defendants "also engaged in mediation with Plaintiff, using the same mediator." (Id.) Defendants then negotiated a "global deal that swept in distinct (and more valuable) claims than those [Plaintiff] had originally alleged - that [Defendant] had been attempting to settle with Intervenors." (Id. at 5.) The proposed Settlement Agreement blocks the plaintiffs in the Blum case from pursuing their claims and releases the claims in the Orozco case. (Motion to Intervene at 11-12.) Instead of settling with Intervenors, Defendants negotiated this global settlement with Plaintiff, whose motion for class and collective certification had already been denied. Plaintiff was not in a position to fairly or adequately negotiate such a sweeping Settlement Agreement.

The Court finds that these factors – the strength of Plaintiff's case and Defendants' attempt to settle multiple actions through this Settlement Agreement – favor denying preliminary approval of the Settlement Agreement.

> 3. The experience and views of counsel

Plaintiff and the putative class members have been represented by counsel who have had numerous wage and hour class action settlements approved by federal and state courts. (Manifold Decl. ¶¶ 26, 31.) The Court finds that Plaintiff's counsel have had sufficient experience with class action litigation to appropriately assess the legal and factual issues in this matter. Plaintiff's counsels' belief that the Settlement Agreement is fair and adequate also weighs in favor of preliminary approval.

> 4. Collusion between the parties

To determine whether there has been any collusion between the parties, courts must evaluate whether "fees and relief provisions clearly suggest the possibility that class interests gave way to self interests," thereby raising the possibility that the settlement agreement is the result of overt misconduct by the negotiators or improper incentives for certain class members at the expense of others. Staton, 327 F.3d at 961.

Here, while there is no evidence of overt misconduct, it is troubling that plaintiff and defendant in addition to settling plaintiff's individual claims are also sweeping into the settlement two separate cases without involving plaintiffs' counsel in those cases. Thus, on that basis alone, there is a question of whether the Settlement Agreement is the product of informed, arms-length negotiations between the parties. Based on the information presently available to it, the Court cannot find that the Settlement Agreement is the product of non-collusive negotiations.

Although some factors weigh in favor of settlement, in light of the settlement amount, Plaintiff's weak negotiating position, and Defendants' effort to settle three separate cases with Plaintiff, the Court finds that the Settlement Agreement is neither fair, reasonable, nor adequate. See Torrisi v. Tuscon Elec. Power Co., 8 F.3d 1370, 1376 (9th Cir. 1993) (finding different factors may predominate in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0425 PA (PJWx) | Date | April 27, 2015 |
|---|---|---|---|
| Title | Christopher M. Litty v. Merrill Lynch & Co., Inc., et al. | | |

different factual contexts). Thus, preliminary approval of the proposed Settlement Agreement is denied.

### D.      Notice to the Class

Under Rule 23(e), the Court must "direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed. R. Civ. P. 23(e)(1). Plaintiff must provide notice that is "timely, accurate, and informative." See Hoffmann–La Roche Inc., 493 U.S. at 172. Likewise, claim forms must be informative and accurate. Id. at 172; Churchill Village, LLC v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004) (notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.").

Under the circumstances, there is no reason "to notify the class members of the proposed settlement and to proceed with a fairness hearing." Gautreaux v. Pierce, 690 F.2d 616, 621, n.3 (7th Cir. 1982).

### Conclusion

The Motion for Preliminary Approval of Settlement and Filing of Third Amended Complaint is denied. Accordingly, the Motion to Intervene is denied as moot.[4/] See e.g., In re Stec Inc. Sec. Litig., No. CV 09-8536-JVS MLGX, 2012 WL 6965372, at *13 (C.D. Cal. Mar. 7, 2012) (denying motion to intervene in light of the denial of the motion for class certification). The Courts sets a Pretrial Conference for Friday, May 22, 2015 at 1:30 p.m. Trial is hereby scheduled to commence on Tuesday, June 9, 2015 at 8:30 a.m. All pretrial documents should be filed no later than May 15, 2015.

IT IS SO ORDERED.

---

[4/]      Because the Motion to Intervene is denied as moot, Plaintiff and Defendants' Objection to the Intervenor's Reply is also denied.